IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **RAUL CASTILLO RAMOS**, *pro se*, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil No. **PJM 14-1510** |
| | * | Crim. No. **PJM 04-293** |
| | * | |
| **UNITED STATES OF AMERICA**, | * | |
| | * | |
| Respondent | * | |

## MEMORANDUM OPINION

Raul Castillo Ramos, *pro se*, has filed a "Petition to Review Sentence under 18 U.S.C. § 3742(a)(1)," seeking to set aside his convictions. ECF No. 90. The Government opposes the Petition, arguing that it is a successive 18 U.S.C. § 2255 motion to vacate as to which the Court lacks jurisdiction. ECF No. 96. For the reasons that follow, the Court agrees with the Government and will **DISMISS WITH PREJUDICE** Ramos' Motion to Review Sentence under 18 U.S.C. § 3742(a)(1), construed as a Motion to Vacate Sentence under 18 U.S.C. § 2255.

\*\*\*

On September 8, 2004, Ramos was indicted on six counts of distributing cocaine base (crack) and two counts of using and carrying a firearm during and in relation to a drug trafficking offense. ECF No. 5. After a jury trial in 2004, he was convicted of all eight counts. On February 2, 2005, Judge Williams of this Court (now retired) sentenced Ramos to 40 years imprisonment. ECF No. 27. On appeal, the Fourth Circuit affirmed the conviction and sentence. ECF No. 31. On November 27, 2006, the Supreme Court denied Ramos' petition for writ of certiorari.

On November 5, 2007, Ramos filed a timely Motion to Vacate, Set Aside and Correct Sentence under 18 U.S.C. § 2255, asserting several ineffective assistance of counsel claims and

1

arguing that his sentence was in excess of the sentence allowed by law. ECF No. 34. In a Memorandum Opinion and Order on December 2, 2008, the Court (J. Williams) denied the Motion to Vacate. ECF Nos. 42 and 43. Ramos appealed. On July 29, 2009, the Fourth Circuit dismissed Ramos' appeal. ECF No. 53.

On May 7, 2014, Ramos filed a Motion styled as a "Petition for Relief Under the All Writs Act, Title 28 U.S.C. § 1651(A)," seeking to set aside his convictions. ECF No. 79. In a Memorandum Opinion and Order dated May 8, 2014, this member of the Court construed the May 7 Petition as a successive motion to vacate sentence under 28 U.S.C. § 2255. ECF No. 80, at 3. The Court also noted that Ramos had provided no evidence that he had received authorization to file a successive Motion to Vacate by the Fourth Circuit as required pursuant to 28 U.S.C. § 2244(b)(3)(A). The Court provided Ramos a packet of instructions promulgated by the Fourth Circuit which addressed the procedures to be followed should Ramos wish to seek authorization to file a successive petition. ECF No. 80, at 3, 3 n.3. The Court then dismissed the Motion without prejudice. ECF No. 81. The Court also declined to issue a certificate of appealability. ECF No. 81.

Following the Court's May 8, 2014 Memorandum Opinion and Order, Ramos sought authorization in the Fourth Circuit for the district court to consider a second or successive application for relief. *See* ECF No. 83-7. The Fourth Circuit, however, denied Ramos' petition. *Id.* On September 27, 2014, Ramos filed another "Petition for Relief Under the All Writs Act, Title 28 U.S.C. § 1651(A)" – which mirrored his May 7, 2014 Petition – seeking to set aside his convictions. ECF No. 83. In a Memorandum Opinion and Order dated February 25, 2015, the Court again construed Ramos' Petition as a successive motion to vacate sentence under 28 U.S.C. § 2255. ECF No. 85, at 2. The Court concluded that, in the absence of pre-filing

authorization, it lacked jurisdiction to consider the successive motion to vacate. *Id.* The Court therefore dismissed with prejudice Ramos' successive motion to vacate and declined to issue a certificate of appealability. ECF Nos. 85 and 86.

In the instant "Petition to Review Sentence under 18 U.S.C. § 3742(a)(1)," Ramos yet again requests that the Court set aside his conviction.[1] In essence, he makes a constructive amendment claim, arguing that, in delivering the jury instructions, the Court impermissibly modified the language of the indictment with respect to the firearm counts. While it does not appear that Ramos has raised this particular theory before, his Petition is nevertheless a direct challenge to his underlying conviction. As such, the Court will construe it as a successive Motion to Vacate under 18 U.S.C. § 2255. *See U.S. v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003) ("[A] brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications").

Despite the fact that the Court has informed Ramos that it lacks jurisdiction to consider another 28 U.S.C. § 2255 motion to vacate unless he first obtains authorization from the Fourth Circuit Court of Appeals, Ramos has failed to show proof of such authorization. Accordingly, in the absence of pre-filing authorization, this Court lacks jurisdiction to consider Ramos' successive Motion to Vacate Sentence. *See Winestock*, 340 F.3d at 205. The Court therefore dismisses Ramos' successive Motion to Vacate Sentence with prejudice and declines to issue a certificate of appealability.

---

[1] Ramos has also filed a "Petition to Amend" his "Petition to Review Sentence under 18 U.S.C. § 3742(a)(1)" (ECF No. 98). In view of the Court's lack of jurisdiction in the case, the Petition to Amend is **MOOT**.

A separate Order will **ISSUE.**

/s/

**PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE**

**June 13, 2016**